UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,
vs.

BIG BIG ALLAPATTAH, LLC,
8200 NE 2ND AVE LLC,
ALLAPATTAH IN THE SKY LLC,
MR TAFT EX 82, LLC,
LA SANTA TAQUERIA 1 LLC,
CAPO GROUP USA CORP,
J. WIN HOSPITALITY LLC, and
OORI BAKESHOP LLC,
    Defendants.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter "Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues BIG BIG ALLAPATTAH, LLC, 8200 NE 2ND AVE LLC, ALLAPATTAH IN THE SKY LLC, MR TAFT EX 82, LLC, LA SANTA TAQUERIA 1 LLC, CAPO GROUP USA CORP, J. WIN HOSPITALITY LLC, and OORI BAKESHOP LLC (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

2. Plaintiff, EMILIO PINERO, is a resident of Florida and currently lives in Miami, Florida and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr. Pinero is a double leg amputee from the knees down. Mr. Pinero owns his own vehicle and does drive. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in the Complaint.

3. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

4. Defendant, BIG BIG ALLAPATTAH, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

5. Defendant, 8200 NE 2ND AVE LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

6. Defendant, MT TAFT EX 82, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

7. Defendant, ALLAPATTAH IN THE SKY LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

8. Pursuant to the Miami-Dade Property Appraiser's Office, Defendants, BIG BIG ALLAPATTAH, LLC (with 41.6% ownership interest), 8200 NE 2ND AVE LLC (with 22.3% ownership interest), MR TAFT EX 82, LLC (with 20% ownership interest), and ALLAPATTAH IN THE SKY LLC (with 16.1% ownership interest), are the owners and/or operators/managers of the real property located on or 201-225 NE 82ND AVE. a/k/a 201-225 NE 82ND TER., MIAMI, FLORIDA 33138 (hereinafter the "Subject Premises").  This is the building where the Subject Premises/restaurant is located.

9. Defendant, LA SANTA TAQUERIA 1 LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

10. According to the Florida Department of Business and Professional Regulation, the Defendant, LA SANTA TAQUERIA 1 LLC, was licensed on May 15, 2020 to provide Permanent Food Service and Seating and occupies 201 NE 82nd St., Miami, Florida 33138 as a restaurant.  Defendant, LA SANTA TAQUERIA 1 LLC, is also doing business as "LA SANTA TAQUERIA BY CHEF OMI" a/k/a "LA YOLANDA MEZCALERIA BAR".

11. Defendant, CAPO GROUP USA CORP, is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

12. According to the Florida Department of Business and Professional Regulation, the Defendant, CAPO GROUP USA CORP, was licensed on January 8, 2021 to provide Permanent Food Service and Seating and occupies 209 NE 82nd St., Miami, Florida 33138 as a restaurant. Defendant, CAPO GROUP USA CORP, is doing business as "PASTA MARKET HANDMADE".

13. Defendant, J. WIN HOSPITALITY LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

14. According to the Florida Department of Business and Professional Regulation, the Defendant, J. WIN HOSPITALITY LLC, was licensed on July 16, 2020 to provide Permanent Food Service and Seating and occupies 215 NE 82nd St., Miami, Florida 33138 as a restaurant. Defendant, J. WIN HOSPITALITY LLC, is also the owner of the fictitious name/is doing business as "TRAN AN".

15. Defendant, OORI BAKESHOP LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

16. Defendant, OORI BAKESHOP LLC, occupies 211 NE 82nd St., Miami, Florida 33138 as a restaurant. Defendant, OORI BAKESHOP LLC, is doing business as "OORI".

17. The Facility is in an area frequently traveled by Plaintiff.

18. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

19. In this instance, Mr. Pinero visited the Facility and encountered barriers to access at the Facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer

legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

20. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility and the actions or inactions described herein.

21. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

22. Mr. Pinero has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

23. Mr. Pinero intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

24. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv),

and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

    **25.**    Defendants have discriminated against Mr. Pinero by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Accessible Route from Public Right-of-Way

    i.    Right side ramp does not have the required handrails contrary to 2010 ADA Code §405.8;

    ii.    Ramp does not provide a curb or barriers contrary to 2010 ADA Code §405.9.2;

    iii.    Right side ramp does not have the required handrails contrary to 2010 ADA Code §405.8;

    iv.    Ramp does not provide a curb or barriers contrary to 2010 ADA Code §405.9.2;

### Accessible Route from Accessible Parking Space by Unit 225

    v.    Sidewalk does not have a curb ramp where accessible route crosses curb contrary to 2010 ADA Code §406.1;

    vi.    Accessible parking spaces are in a location where users are compelled to walk or wheel behind parked vehicles and spaces contrary to Florida Code §502.3;

### Accessible Parking Space by Unit 225

    vii.    Access aisle has a non- compliant surface slope contrary to 2010 ADA Code §502.4;

    viii.    Accessible parking space has a non-compliant surface slope contrary to 2010 ADA Code §502.4;

### Accessible Route from Accessible Parking Space by Unit 217

    ix.    Ramp does not have the required handrails contrary to 2010 ADA Code §405.8;

    x.    Ramp does not provide a curb or barriers contrary to 2010 ADA Code §405.9.2;

**Accessible Parking Space by Unit 217**

    xi.    Accessible aisle has a non-compliant surface slope contrary to 2010 ADA Code §502.4;

    xii.    Accessible parking space has a non-compliant surface slope contrary to 2010 ADA Code §502.4;

**La Santa Taqueria – Exterior Seating**

    xiii.    Table does not provide the required knee clearance contrary to 2010 ADA Code §902.2;

**La Santa Taqueria - Bar**

    xiv.    There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3lpc;

**La Santa Taqueria – Unisex Accessible Restroom**

    xv.    Permanent room identifying signage is mounted at a non- compliant height contrary to 2010 ADA Code §703.4.1;

    xvi.    Maneuvering clearance on the push side of the door is 4.25"contrary to 2010 ADA Code §404.2.4;

    xvii.    Doorway opening has a non- compliant clear width contrary to 2010 ADA Code §404.2.3;

    xviii.    Furniture encroaches over maneuvering clearance on the push side of the door contrary to 2010 ADA Code §404.2.4;

    xix.    Furniture encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2ec;

    xx.    Trash bin encroaches over lavatory clear floor space contrary to 2010 ADA Code §305.3;

    xxi.    Water closet has a 24" long rear wall grab bar contrary to 2010 ADA Code §604.5.2;

    xxii.    Water closet side wall grab bar is mounted at 13" perpendicular from rear wall to centerline of its inner flange contrary to 2010 ADA Code §604.5.1;

    xxiii.    Paper towel dispenser is mounted 8.75" over the rear wall grab bar contrary to 2010 ADA Code §609.3;

    xxiv.    Lavatory mirror is mounted at 54" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3;

    xxv.    Lavatory has unwrapped bottom sink pipes. Failing to maintain the pipes cover against contact contrary to 2010 ADA Code §606.5;

    xxvi.    Toilet tissue dispenser is mounted at 13" in front of the water closet to the centerline of the dispenser contrary to 2010 ADA Code §604.7;

xxvii.  Clear floor space does not provide the required diameter wheelchair turnaround space in room contrary to 2010 ADA Code §304.3;

**Yolanda by La Santa Taqueria - Bar**

xxviii.  There is no lower portion of the counter provided contrary to 2010 ADA Code §902.2;

**Yolanda by La Santa Taqueria – Exterior Seating Area**

xxix.  Table does not provide the required knee clearance contrary to 2010 ADA Code §902.2;

**Pasta Market – Interior Seating Area**

xxx.  Table does not provide the required knee clearance contrary to 2010 ADA Code §902.2;

**Pasta Market - Bar**

xxxi.  There is no lower portion of the counter provided contrary to 2010 ADA Code §902.3l;

**Pasta Market – Unisex Accessible Restroom**

xxxii.  Permanent room identifying signage is mounted on the door leaf contrary to 2010 ADA Code §703.4.1;

xxxiii.  Furniture encroaches over maneuvering clearance on the pull side of the door contrary to 2010 ADA Code §404.2.4;

xxxiv.  Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7;

xxxv.  Lavatory does not provide the required knee clearance contrary to 2010 ADA Code §606.2.2;

xxxvi.  Trash bin encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2ec;

xxxvii.  Lavatory mirror is mounted at 51.5" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §606.3;

xxxviii.  Lavatory is mounted at 35" above the finished floor to top of rim contrary to 2010 ADA Code §606.3;

xxxix.  Toilet tissue dispenser is mounted behind the front edge of the water closet contrary to 2010 ADA Code §604.7;

xl.  Water closet side wall grab bar is mounted at 49.75" perpendicular from rear wall to centreline of its outer flange contrary to 2010 ADA Code §604.5.1;

xli.  Coat hook is mounted beyond required reach allowed for approach provided and is mounted at 67.5" above the finished floor contrary to 2010 ADA Code §308.3;

**Tran an – Exterior Seating Area**

    **xlii.**    Table does not provide the required knee clearance contrary to 2010 ADA Code §902.2;

### Tran an – Interior Seating Area

    **xliii.**    Table does not provide the required knee clearace contrary to 2010 ADA Code §902.2;

### Tran-an – Unisex Accessible Restroom

    **xliv.**    There is no sign provided contrary to 2010 ADA Code §703.4.1;

    **xlv.**    Doorway opening has a non-compliant clear width contrary to 2010 ADA Code §404.2.3;

    **xlvi.**    Furniture encroaches over maneuvering clearance on the pull side of the door door contrary to 2010 ADA Code §404.2.4;

    **xlvii.**    Furniture encroaches over maneuvering clearance on the push side of the door contrary to 2010 ADA Code §404.2.4;

    **xlviii.**    Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7;

    **xlix.**    Furniture encroaches over the water closet clearance contrary to 2010 ADA Code §604.3.2ec;

    **l.**    Water closet has a 24" long rear wall grab bar contrary to 2010 ADA Code §604.5.2;

    **li.**    Water closet is centered at 19.75" from side wall contrary to 2010 ADA Code §604.2;

    **lii.**    Water closet side wall grab bar is mounted at 13" perpendicular from rear wall to centerline of its inner flange contrary to 2010 ADA Code §604.5.1;

    **liii.**    Toilet tissue dispenser is mounted at 4" in front of the water closet to the centerline of the dispenser contrary to 2010 ADA Code §604.7;

    **liv.**    Clear floor space does not provide the required diameter wheelchair turnaround space in room contrary to 2010 ADA Code §304.3;

### Tran-an – Cashier Counter

    **lv.**    Counter has a non-compliant height contrary to 2010 ADA Code §904.4.1;

### Oori – Cashier Counter

    **lvi.**    Counter has a non-compliant height contrary to 2010 ADA Code §904.4.1; and

### Oori – Interior Seating Area

    **lvii.**    Tables and/or work surface is mounted at a non-compliant height above the finished floor to the top contrary to 2010 ADA Code §902.3;

26. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

27. Mr. Pinero has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

28. Plaintiff, in his capacity as a tester, will absolutely return to the Premises when Defendants modify the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

29. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

30. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

31.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

32.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646

WassenbergL@gmail.com